Were this an application by the company to have this contract executed, I think that as it has turned out so contrary to the expectations of all parties, if we are to believe what is said on both sides, that this Court would not interfere, but leave the parties to their remedy at law. But the application comes from the other party to set aside what has been done. The Court is not invoked to do something upon the contract which the law cannot do, to give the plaintiffs aid beyond their rights at law, but to take from the adverse party rights to which at law they are entitled. A disappointment in their reasonable expectations, a hard or a bad bargain, do not afford sufficient grounds for the Court to undo what has been done, although it would probably be a good reason for refusing to do more than what the parties had done, on the ground that it was only agreed to be done, or more than the law would do for them. To rescind a contract in this Court, or to set aside an executed contract, there must be something like an actual fraud, which would give an action at law, or a vital mistake. Upon a careful examination, I can perceive nothing like a fraud. It was a mistake all round, as well among the purchasers as the sellers. The (242) improvement was believed to be practicable with such means as the *Page 197 
company might rightfully use in justice to the stockholders. It could not be understood that the river was at all events to be made navigable for boats carrying fifty hogsheads of tobacco, but that the means the company were then using, and which it was their interest, as a company, to use, would produce that effect. There was nothing like a condition that this should be effected, or that the company would use all their means to effect it, disregarding their other duties or interests as a company, and nothing like a fraudulent concealment of their intention, or the difficulties known to them, but unknown to the bidders. I think all was fair and bona fide. Although I would not hold the vendee to be bound if the representations contained in the printed or written advertisement were false, or if there was anything like a fraudulent concealment or misrepresentation, it is quite evident that what was said at the sale was nothing but an amplification — a picture of what was contained in the advertisement in more glowing colors, and nothing more was intended, or understood to be intended, than what was in substance contained in the advertisement; and should any expression have gone beyond it, it was clearly understood to be only matter of opinion, and had only the weight of an opinion, not of an allegation.
As to using the money arising from these sales for the purposes of opening the river elsewhere, or even in making dividends upon the stock, it is the undoubted right of the company to use it as they please, for I consider them to have contracted no obligation but what was contained in their advertisement and imposed by their charter. Therefore, although it may be a very hard bargain as it has turned out, I can see no ground of relief, without subverting the very principles upon which this Court acts. There has been no violation of any warranty or contract, no fraudulent representation or concealment, no violation of the terms of sale, no violation of their charter — nothing but what now appears to be a delusion in which all, both vendors and vendees, (243) participated.
PER CURIAM. Bill dismissed.*
* Judge RUFFIN having been of counsel for the plaintiffs, took no part in the decision. *Page 198